IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| HARVEY B. BEE : | |
| and VERONICA G. BEE, : | CASE NO. 15-52017 |
| : | |
| Debtors : | |

---

### DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION

---

COME NOW, Harvey B. Bee and Veronica G. Bee, as the proponents, and propose the following First Amended Plan of Reorganization to all their known creditors and interest holders:

### ARTICLE I

### DEFINITIONS

1.1     The definitions contained in the Bankruptcy Code, 11 U.S.C. § 101, et. sec., are incorporated into this Plan except as modified herein.  The following terms, when used in this Plan of Reorganization, shall have the following meanings unless the context clearly requires otherwise:

(1)     Allowed Claim:  A claim enforceable against the Debtors or property of the Debtors under 11 U.S.C. § 1111(a) or 502.

(2)     Allowed Priority Claims:  A claim against the Debtors, which is enforceable against the Debtors or property of the Debtors under 11 U.S.C. § 507.

(3)     Allowed Secured Claim:  The amount of each allowed claim against the Debtors secured by property of the Debtors or the estate which is equal to the amount stipulated as constituting the allowed secured claim between the Debtors and the holder of such claim, or the lesser of: (1) the total amount of indebtedness owed by the Debtors to the holder of such claim; (2) the value of any property of the Debtors or the estate with respect to which such creditor held a

security interest or lien properly perfected under the laws of the State of Georgia on August 31, 2015, to the extent provided under 11 U.S.C. § 506.

(4) Allowed Unsecured Claims: Allowed unsecured claims means, except as hereinafter stated, all creditors of the Debtors having allowed claims which are not allowed secured claims or allowed priority claims, including but not limited to, creditors who have supplied pre-petition goods or services to Debtors, and creditors with claims arising from the rejection of executory contracts, and creditors with allowed unsecured deficiency claims.

(5) Assets: All of the assets of the bankruptcy estate of the Debtors and Debtors-in-Possession.

(6) Chapter 11: Chapter 11 of the United States Bankruptcy Code.

(7) Confirmation: Confirmation means the entry by the Court of an Order confirming this Plan of Reorganization in accordance with Chapter 11 of the Bankruptcy Code.

(8) Court: The United States Bankruptcy Court for the Middle District of Georgia, Macon Division, acting in this case, and/or the United States District Court for the Middle District of Georgia.

(9) Debtors and Debtors-in-Possession: Harvey B. Bee and Veronica G. Bee or any successor or transferee under the terms of this plan.

(10) Deficiency Claim: The extent to which any holder of an allowed secured claim is owed amounts by Debtors after treatment of such allowed secured claim as provided in this Plan, or the amount by which any holder of an allowed secured claim is owed amounts by Debtors after repossession, foreclosure, and sale of property securing such claim, to the extent enforceable under applicable law.

(11)    Effective Date: Effective date for purposes of this Plan means the date the order confirming this Plan becomes final and non-appealable with no appeal pending.

(12)    Post-Petition: Post-petition means the period of time following August 31, 2015.

(13)    Pre-Petition: Pre-petition means the period of time before August 31, 2015.

(14)    Reorganization Case: Reorganization case shall mean the case for the reorganization of the Debtors commenced by voluntary petition under Chapter 11 of Title 11, now pending in this Court and styled <u>Harvey B. Bee and Veronica G. Bee</u>, Chapter 11 Case No. 15-52017.

(15)    Reorganized Debtors: The Debtors as reorganized pursuant to the terms of the Plan and the Order of Confirmation.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTEREST

2.1    Class 1 shall consist of allowed priority claims for post-petition fees and expenses of administration for professional persons retained pursuant to orders of the Court, and incurred through confirmation, as allowed or awarded by the Court.

2.2    Class 2 shall consist of allowed priority claims for post-petition transactions and debts arising in the normal course of business of Debtors incurred in the reorganization case through confirmation, claims for expenses of administration not included in Class 1, and claims for costs and expenses payable to the United States Trustee or the Bankruptcy Court allowable as an expense of administration. The claims of the Northridge Condominium Association HOA for post-petition assessments shall be included in this class.

2.3    Class 3 shall consist of allowed claims of governmental units entitled to priority under 11 U.S.C. § 507(a)(8) or secured status.

2.4     Class 4 shall consist of the secured claims held by Bank of America, to the extent allowed, collateralized by a first priority security interest in the Debtors' property at 107 Country Court, Kathleen, Georgia ("Residence").

2.5     Class 5 shall consist of the secured claims held by Bank of America, to the extent allowed, collateralized by a second priority security interest in Debtors' real estate located at 107 Country Court, Kathleen, Georgia ("Residence").

2.6     Class 6 shall consist of the secured claims held by CitiMortgage, to the extent allowed, collateralized by a first priority security interest in the Debtors' real estate located at 100 Stonehedge, Warner Robins, Georgia ("100 Stonehedge").

2.7     Class 7 shall consist of the secured claims held by Ford Motor Credit, to the extent allowed, collateralized by a first priority security interest in the 2012 Ford F150 truck.

2.8     Class 8 shall consist of the secured claims held by Greentree, to the extent allowed, collateralized by a first security interest in Debtors' real estate located at 6456 Pinebark Way, Morrow, Georgia ("Pinebark").

2.9     Class 9 shall consist of the secured claims held by Greentree, to the extent allowed, collateralized by a first priority security interest in the Debtors' real estate located at 116 Stonehedge Drive, Warner Robins, Georgia ("116 Stonehedge").

2.10    Class 10 shall consist of the secured claim of NationStar Mortgage, to the extent allowed, collateralized by a first priority security interest in the Debtors' real estate located at 105 Merriwood Drive, Warner Robins, Georgia ("Merriwood").

2.11    Class 11 shall consist of the secured claim of Synovus, to the extent allowed, collateralized by a first security interest in Debtors' undeveloped real estate located at Joanne Drive, Valdosta, Georgia.

2.12    Class 12 shall consist of all allowed unsecured claims allowed under 11 U.S.C. § 1111(a) or under 11 U.S.C. § 502(a), if any, and claims allowed under 11 U.S.C. § 502(g), if any, and allowed deficiency claims, if any.

2.13    Class 13 shall consist of the equity interests of the Debtors.

## ARTICLE III

## EFFECTIVE DATE OF THE PLAN

3.1    The effective date of this Plan shall be as in Section 1.11 above.

## ARTICLE IV

## SPECIFICATION OF CLAIMS NOT IMPAIRED UNDER THIS PLAN

4.1    Claims in Class 1 for post-petition fees and expenses of professional persons, as the same are allowed or awarded by the Court, shall be paid in cash in full at the later of: (a) such time as such claims are allowed or awarded by the Court or (b) the effective date.

4.2    Claims in Class 2 shall be paid in full in cash without any application or Order awarding payment of such claims. Such claims shall be paid at the later of: (a) the effective date, (b) the date such claims are allowed or awarded by the Court, or (c) such time as such claims become due according to ordinary terms.

4.3    Claims in Class 4 (Bank of America - Residence), if any and to the extent allowed, shall be settled and satisfied as follows: The debt shall be paid in accordance with the pre-petition loan documents.

4.4    Claims in Class 5 (Bank of America - Residence), if any and to the extent allowed, shall be settled and satisfied as follows: The debt shall be paid in accordance with the pre-petition loan documents.

4.5     Claims in Class 7 (Ford Motor Credit – 2012 Ford F150 truck), if any and to the extent allowed, shall be settled and satisfied as follows: The debt shall be paid in accordance with the pre-petition loan documents.

4.6     Claims in Class 8 (Greentree – 6456 Pinebark), if any and to the extent allowed, shall be settled and satisfied as follows: The property shall be surrendered in full satisfaction of the secured claim. Any deficiency shall be treated as a Class 12 claim.

4.7     Claims in Class 11 (Synovus – Joanne Drive, Valdosta, Georgia), if any and to the extent allowed, shall be settled and satisfied as follows: The property shall be surrendered in full satisfaction of the secured claim. Any deficiency shall be treated as a Class 11 claim.

4.8     Interests in Class 13 shall be retained.

## ARTICLE V

## TREATMENT OF CLAIMS IMPAIRED UNDER THE PLAN

5.1     The claims in Class 3, if any and to the extent allowed, shall be settled and satisfied as follows: The holder of the Class 3 claims shall retain any liens and shall be paid in full in equal monthly amortized annual installments of principal and interest with interest calculated at 3% per annum. The amortization shall be over a period determined by the number of months between the effective date to 60 months following the petition date.

5.2     The claims in Class 6 (CitiMortgage – 100 Stonehedge, Warner Robins, Georgia), if any and to the extent allowed, shall be settled and satisfied as follows: The holder of the Class 6 claims shall retain any liens and shall be paid in full based on 360 equal monthly amortized annual installments of principal and interest with interest calculated at 4% per annum. Payments will commence on the first day of the month following the Effective Date. There will be a balloon payment due on the 60th month following the Effective Date.

5.3    The claims in Class 10 (NationStar Mortgage – 105 Merriwood Drive, Warner Robins, Georgia), if any and to the extent allowed, shall be settled and satisfied as follows:  The holder of the Class 10 claims shall retain any liens and shall be paid in full based on 360 equal monthly amortized annual installments of principal and interest with interest calculated at 4% per annum.  Payments will commence on the first day of the month following the Effective Date.  There will be a balloon payment due on the 60th month following the Effective Date.

5.4    The Class 12 claims, if any and to the extent allowed, shall be settled and satisfied as follows:  Claims in this class shall be paid a *pro rata* share of the unsecured creditors' trust set forth in this plan.

## ARTICLE VI

## IMPLEMENTATION OF PLAN AND SOURCE OF PAYMENTS TO CREDITORS

6.1    All other payments shall be made from the Debtors' future earnings, from the liquidation of its assets, or from loans, contributions or gifts to the Debtors.

6.2    On the Effective Date, Debtors shall transfer $10,000.00 to the unsecured creditors' trust.  Debtors shall distribute this amount to creditors holding allowed Class 12 claims on a pro rata basis within 60 days of the Effective Date.  Thereafter, for four consecutive years, Debtors shall contribute $10,000.00 to the unsecured creditors' trust for distribution pro rata to Class 12 creditors.

6.3    The reorganized Debtors shall be managed by the Debtors.

6.4    After confirmation, Debtors may retain Katz, Flatau & Boyer, LLP as legal counsel, with post-confirmation attorneys fees to be paid in the ordinary course of business without any applications or Court approval.

6.5    On or about the effective date, the reorganized Debtors will satisfy claims in Classes 1 and 2.

## ARTICLE VII

### ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS

7.1     All executory contracts and leases shall be assumed upon confirmation.

7.2     The Court shall determine the amount of any claim arising from any rejection of an executory contract heretofore made by the Debtors, if any, and any such claim shall be included as a Class 6 creditor, provided that application for allowance of all claims arising out of any such rejection shall be filed within 30 days after any initial order confirming this Plan. It shall not be necessary for a creditor having previously filed a claim specifically setting forth damages arising due to any rejection of an executory contract to file a second claim, but it shall be necessary for a claimant filing a general claim to file a claim under this section for any damages claimed by virtue of the rejection of an executory contract.

## ARTICLE VIII

### EVENTS OF DEFAULT

8.1     The occurrence of any of the following shall constitute an event of default:

   (a)     Failure by the Debtors to make the payments provided for in this Plan;

   (b)     Failure by the Debtors to comply with any covenants set forth in this Plan.

8.2     Remedies Upon Default: Any "Default", as defined in paragraph 8.1 hereof, with respect to any promissory note or security agreement issued or retained under this plan, shall entitle the holders thereof to the remedies provided thereunder or under the laws of the State of Georgia with respect to defaults under such promissory notes or security agreements. Any such action may be maintained solely upon any breach of such promissory note, security agreement and deed to secure debt and need not be premised upon any default under this plan.

Any monetary default in payment to a holder of a claim not represented by a promissory note or security agreement shall entitle the holder of such claim to the remedies provided under the United States Bankruptcy Code. The Debtors hereby consent to the reopening of the Bankruptcy Case for purposes of jurisdiction in the event such bankruptcy case has been administratively closed prior to such monetary default.

## ARTICLE IX

## EFFECT OF CONFIRMATION

9.1     The effect of confirmation of this Plan shall be in accordance with 11 U.S.C. § 1141. Debtors shall be discharged upon completion of the payments to all classes of creditors. The liens of Northridge Condominium Association for HOA assessments will be unaffected by confirmation.

## ARTICLE X

## MISCELLANEOUS PROVISIONS

10.1    Until all claims have been allowed and disputes resolved, the Court will retain jurisdiction for, including but not limited to, the following purposes:

(a)     The classification of any claim of any creditor and the re-examination of claims which have been allowed for the purposes of voting, and determination of such objections as are filed to creditors' claims. The failure of the Debtors to object to any claim for the purpose of voting, shall not be deemed to be a waiver of the Debtors' right to object to or to re-examine any claim in whole or in part.

(b)     Determination of all questions and disputes regarding title to, security interest in, liens against, assets of the estate, and determination of all causes

of action, controversies, disputes, or conflicts, whether or not subject to action pending as of confirmation, between the Debtors/Debtors-in-Possession and any other party, including but not limited to, any right of the Debtors to recover assets or money pursuant to the provisions of the United States Bankruptcy Code. The Debtors may assert actions to recover money or property under the provisions of the Bankruptcy Code after the confirmation of this Plan.

(c) The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency of this Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

(d) The modification of this Plan after confirmation pursuant to the United States Bankruptcy Code or the Rules of Bankruptcy Procedure applicable to such proceedings.

(e) To enforce and interpret the terms and conditions of this Plan.

(f) Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtors or Debtors-in-Possession.

(g) Entry of an order concluding and terminating this case.

(h) The court shall not retain jurisdiction over defaults.

10.2 The management of Debtors will be the Debtors. Debtors will continue in business following confirmation.

10.3 The Debtors may pre-pay any obligations under this Plan without charge of unaccrued interest. In the event this Plan provides for deferred cash payments for which no interest is specified to be paid, Debtors may prepay such obligations by paying the present value of the

future payments based on an interest rate of six percent (6%) per annum.

10.4　The Order confirming this Plan shall constitute a judgment avoiding any lien, consensual or otherwise, whether by way of security deed, trust deed, mortgage, security agreement judgment, operation of statute, or otherwise to the extent that the lien does not attach to the value of the collateral, as such value is set forth herein or otherwise determined by the Court, and shall also constitute an order changing the priority of any such lien to the extent such lien's priority is changed by this plan.

10.5　Confirmation of this plan shall discharge the Debtors, except to the extent payment is provided for in this plan.

10.6　All ballots shall be filed as follows:

> Clerk, United State Bankruptcy Court
> 433 Cherry Street
> Macon, Georgia 31201
>
> WITH A COPY TO:
>
> Wesley J. Boyer, Esq.
> Boyer Law Firm, L.L.C.
> 348 Cotton Avenue, Suite 200
> Macon, Georgia 31201

Any ballot not filed in accordance with this paragraph shall not be counted for purposes of determining the acceptance or rejection of this Plan by any class of claims or interest.

10.7　Notwithstanding the closing of this case, the Debtors may propose amendments or modifications of this plan at any time prior to or subsequent to confirmation in accordance with the United States Bankruptcy Code and applicable Rules of Bankruptcy Procedure. If this case has been closed, such modification may be approved and binding upon the holders of all claims provided for under this Plan, without opening the bankruptcy case as follows:

(a) The reorganized Debtors shall give written notice of the proposed modification to the remaining holders of all claims provided for under this plan that have not been paid in full at the time of such modification. Such notice shall provide that the holders of such claims may approve or reject the modification within forty-five days from the date of the mailing of such notice. The Debtors shall mail a ballot to each such claimant, with such notice.

(b) Any ballots which are completed and returned within such forty-five day period shall be counted in determining whether creditors have approved such modification. Such modification shall be deemed accepted and binding upon all remaining claimants in any class which accepts such modification by a total of 51% of the claims voting on account of such modification, provided such voting claims constitute two-thirds of the outstanding remaining debt in such class.

(c) If such modification is so accepted, the modification shall be deemed contractually binding upon all members of the affected class.

(d) Only members of any class of claims affected by such modification shall be entitled to vote.

10.8   This plan and order confirmation plan expressly supersede any Orders entered during the pendency of this bankruptcy case relating to cash collateral or adequate protection to the holder of any claim. Upon confirmation of this plan, such Orders shall be of no further effect, except that any replacement lien or security interest granted thereby shall be deemed as continuing from the date of such order until and including the effective date.

10.9   If any provision of this plan is declared to be null, void, unlawful or of no effect, such provision shall be deemed deleted herefrom and the remaining provisions hereof shall remain in full force and effect.

10.10 The Debtors' disclosure statement, filed herewith, is hereby incorporated by reference herein and made a part hereof. In the case of any inconsistency between any term or provision of such disclosure statement and/or any term or provision of this plan, the terms or provisions of this plan shall prevail.

10.11 After confirmation, the reorganized Debtors shall continue to have all the powers of Debtors-in-Possession to object to claims or recover property or money as provided under Chapter 5 of the Bankruptcy Code, or otherwise.

## ARTICLE XI

## CONFIRMATION NOTWITHSTANDING REJECTION BY CLASSES

11.1 To the extent one or more classes reject this Plan, Debtors move the Court to confirm this Plan notwithstanding such rejection pursuant to 11 U.S.C. § 1129(b).

BOYER LAW FIRM, L.L.C.
By:

_____
WESLEY J. BOYER
Attorney for Debtors
State Bar No. 073126
348 Cotton Avenue, Suite 200
Macon, Georgia 31201
(478) 742-6481
Wes@WesleyJBoyer.com